**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN HORNE, et al., | No. 09-15071 |
| Plaintiffs - Appellants, | D.C. No. 1:08-cv-00402-OWW-SMS |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted March 10, 2010
San Francisco, California

Before: B. FLETCHER and CLIFTON, Circuit Judges, and ANELLO, [**] District
Judge.

Plaintiffs appeal the district court's dismissal of their complaint, which

appealed the dismissal of an administrative petition they had filed before the

---

[*]     This disposition is not appropriate for publication and may not be
cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

Secretary of Agriculture pursuant to 7 U.S.C. § 608c(15)(A). Defendant, the United States Department of Agriculture ("USDA"), argues that this appeal is moot in light of the decision of the district court in *Horne v. United States Department of Agriculture*, No. CV-F-08-1549, 2009 U.S. Dist. LEXIS 115464 (E.D. Cal. Dec. 11, 2009), currently on appeal to this court. The practical effect of the dismissal by the judicial officer ("JO") of the 15(A) petition deprived Plaintiffs of the opportunity to challenge the constitutionality of the Raisin Marketing Order ("RMO") and denied them immunity for violations that occurred while the petition was pending. Accordingly, this appeal is not moot.

In dismissing Plaintiffs' complaint, the district court held that it lacked subject matter jurisdiction because Plaintiffs failed to file the action within twenty days of the entry of the judicial officer's decision dismissing the petition, as required by 7 U.S.C. § 608c(15)(B). We review dismissals for lack of subject matter jurisdiction de novo. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007).

Plaintiffs failed to file their complaint within 20 days after the hearing clerk entered the JO's decision, thus their complaint was untimely. Plaintiffs argue that the district court should have created an exception because the USDA failed to provide Plaintiffs with notice of the JO's decision until after the statutory period

lapsed, depriving Plaintiffs of due process. It is well established that the Due Process Clause merely requires notice that is "reasonably calculated" to apprise interested parties of a ruling or action and does not require actual notice in every case. *Jones v. Flowers*, 547 U.S. 220, 225 (2006).  Notice here was sent by certified mail, which we have held is usually sufficient, *see id.*, and Plaintiffs do not dispute that they typically receive adequate notice through certified mail. Accordingly, the district court did not err in concluding that Plaintiffs' complaint was untimely.

Plaintiffs alternatively argue that the Administrative Procedure Act ("APA") provides an independent basis for the district court's subject matter jurisdiction. See 5 U.S.C. § 702.  However, the APA cannot serve as an independent basis for subject matter jurisdiction because it merely "prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established." *Gallo Cattle Co. v. U.S. Dep't of Agriculture*, 159 F.3d 1194, 1198 (9th Cir. 1998); *see also Califano v. Sanders*, 430 U.S. 99, 105-07 (1977). Accordingly, the district court did not have an independent basis for subject matter jurisdiction under the APA.

Finally, Plaintiffs argue that because they are not "handlers," they are not required to proceed under 7 U.S.C. § 608c(15) and can therefore mount a direct

3

challenge to the RMO in a district court without having to comply with the 20-day time period in the statute. A similar argument was rejected by the Supreme Court in *Block v. Community Nutrition Institute*, 467 U.S. 340, 348 (1984), and we do not find that Plaintiffs are entitled to claim the limited exception set forth in *Stark v. Wickard*, 321 U.S. 288 (1944). Thus, the district court did not err in finding that Plaintiffs could not mount a direct challenge to the RMO in the district court.

We recognize that the application of this law to the unique circumstances of this case produces an unfortunate result. It is undisputed that Plaintiffs did not receive actual notice of the JO's decision until after the time for filing a complaint in district court had expired. The USDA has known all along that Plaintiffs did not in fact receive timely notice of the JO's decision; the envelope originally sent to Plaintiffs' attorney was returned to the USDA, in shredded condition. Yet despite the obvious unfairness of the result, the USDA has declined to do anything to fix the problem. Instead, it has insisted that the court lacks jurisdiction because the notice was properly mailed, even though it was not received, and because Plaintiffs did not file a complaint in district court within twenty days of a decision that they did not know about.

Unfortunately, in response to our explicit inquiry, the USDA has taken the position that it lacks discretion to remedy the problem, for instance by reissuing the

4

JO's decision or by extending the time for Plaintiffs to file a motion to the USDA for reconsideration of that decision. That position seems dubious. See, e.g.,7 C.F.R. § 900.69(b) (the "time for the filing of any documents or papers . . . may be extended . . . upon the request of a party . . . by the Secretary at any . . . time if, in the judgment of the Secretary . . . there is good reason for the extension."). Nor do we see who would or could object if the USDA recognized that actual notice failed here and exercised its discretion in such a way as to let Plaintiffs bring the legal challenge the statute intends to provide. But that is the province of the Department and not this court. Similarly, it is the province of Congress, and not this court, to make changes to this law to avoid similar outcomes in the future.

**AFFIRMED.**