**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARVIN D. HORNE, et al.,

    Plaintiffs - Appellants,

 v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.,

    Defendants - Appellees.

No. 11-15748

D.C. No. 1:09-cv-01790-OWW-
SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted September 14, 2012
San Francisco, California

Before: ALARCON, GRABER, and BERZON, Circuit Judges.

 Marvin D. Horne, Laura R. Horne, and Raisin Valley Farms Marketing, LLC

("the Hornes") petitioned the United States Department of Agriculture ("USDA" or

"the agency") to engage in rulemaking to change the agency's regulations

governing service of final agency orders. USDA denied the petition, and the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

district court upheld the agency's decision. We have jurisdiction under 28 U.S.C. § 1291 and remand to the agency for further explanation of its reasons for denying the Hornes' petition.

The Hornes are California raisin producers. USDA regulates raisin production according to the Raisin Marketing Order ("RMO"), 7 C.F.R. § 989.1 *et seq.*, promulgated under the Agricultural Marketing Agreement Act of 1937 ("AMAA"), 7 U.S.C. § 601 *et seq.* In March 2007, the Hornes petitioned the agency pursuant to AMAA § 608c(15)(A), seeking an exemption from the RMO. A Judicial Officer ("JO") dismissed the petition.

Under section 608c(15)(B) of the AMAA, the U.S. District Courts have jurisdiction to review final agency orders, so long as the complaint "is filed within twenty days from the date of the entry of such ruling." 7 U.S.C. § 608c(15)(B). USDA's "Rules of Practice Governing Procedures on Petitions to Modify or to Be Exempted from Marketing Orders" ("Rules of Practice"), 7 C.F.R. §§ 900.50 *et seq.*, provide that a final agency order "shall be filed with the hearing clerk, who shall serve it upon the parties." *Id.* § 900.66(b). Section 900.69(b) of the Rules of Practice instructs that

> Service shall be made either (1) by delivering a copy of the document or paper to the individual to be served . . . ; or (2) by leaving a copy of the document or paper at the principal office or place of business of such

2

individual . . . ; or (3) by registering and mailing a copy of the document or paper, addressed to such individual . . . at his or its last known principal office, place of business, or residence. Proof of service hereunder shall be made by the affidavit of the person who actually made the service. The affidavit contemplated herein shall be filed with the hearing clerk, and the fact of filing thereof shall be noted on the docket of the proceeding.

The Hornes were the victims of a failed notice attempt by certified mail, which did not reach them until well-after the twenty-day time limit to seek review in the district court. They nonetheless filed a complaint in the district court seeking review of the JO's decision. The district court, citing the "twenty-day rule" in 7 U.S.C. § 608c(15)(B), dismissed the complaint for lack of subject matter jurisdiction. *Horne v. Dep't of Agric.*, No. 1:08-CV-00402-OWW-SMS, 2008 WL 4911438, at *3-4 (E.D. Cal. Nov. 13, 2008) (unpublished).

We affirmed in an unpublished memorandum disposition, but noted the "obvious unfairness of the result." *Horne v. Dep't of Agric.*, 395 F. Appx. 486, 489 (9th Cir. 2010). "[I]n response to our explicit inquiry, the USDA . . . t[ook] the position that it lack[ed] discretion to remedy the problem" in the Hornes' case—a position we found "dubious" under the Rules of Practice. *Id.*; *see, e.g.*, 7 C.F.R. § 900.69(c) (providing for discretionary time extensions where "there is good reason"). Nevertheless, we noted that it was "the province of the Department and not this court" to assess the propriety of its own rules. *Horne*, 395 F. Appx. at

3

489.

While their earlier petition was being litigated, the Hornes filed a second petition with the agency requesting that it "engage in rule making to amend the Rules of Practice" to require more prompt notice such as by email or fax. *See* 5 U.S.C. § 553(e) ("Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule."). The Hornes cited the failed service by mail in their own earlier case, pointing out that the existing Rules "have no provision for promptly and expeditiously notifying Petitioners [of final agency orders], despite the . . . short time frames for Petitioners to appeal . . . decisions" to the district court. USDA responded to the Hornes' rulemaking petition—as it must under the Administrative Procedure Act (APA), 5 U.S.C. § 555(e)[1]—in a one-page letter denying the Hornes' request. *See also* 7 C.F.R. § 1.28 ("Petitions by interested persons in accordance with 5 U.S.C. § 553(e) . . . will be given prompt consideration and petitioners will be notified promptly of the disposition made of their petitions.").

_____

[1] Title 5 U.S.C. § 555(e) provides:

Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial.

An agency's decision not to engage in rulemaking is entitled to a high level of judicial deference. *See Massachusetts v. EPA*, 549 U.S. 497, 527-28 (2007). Deference is especially merited where an agency's procedural regulations are involved. *See Vt. Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519, 543 (1978) ("Absent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure . . . ." (internal quotation marks omitted)).

At the same time, an agency must provide a "reasoned explanation for its refusal [to initiate rulemaking]." *Massachusetts*, 549 U.S. at 534. Though the Hornes' rulemaking petition was admittedly brief, USDA's response did not adequately explain the basis for its decision. Instead, the denial letter primarily cites the district court's decision in the Hornes' previous lawsuit challenging the twenty-day time limit as it applied to their complaint for review of the agency's final order denying them an exemption from the RMO. The district court's ruling in that earlier case does not explain why the agency declined to consider amending the Rules of Practice.

Nor does USDA's statement that it "believes that the procedures under the applicable Rules are adequate to effectuate service of department decisions" provide an adequate explanation for its refusal to conduct rulemaking. *Cf.*

*O'Keeffe's, Inc. v. U.S. Consumer Prod. Safety Comm'n*, 92 F.3d 940, 943-44 (9th Cir. 1996) (holding that the Commission did not act arbitrarily or capriciously in denying a rulemaking petition because it considered several factors to "determin[e] [whether] an amendment to the regulations was . . . appropriate or necessary," such as "the potential benefits of the requested amendment, potential costs, and the relation between the potential benefits and costs").

We emphasize that in holding that USDA's statement of grounds was inadequate, we do not purport to review the merits of the agency's decision not to amend the Rules of Practice. We hold that the agency failed to do what the APA requires: to provide "a brief statement of the grounds for denial [of the rulemaking petition]." 5 U.S.C. § 555(e). Here, the Hornes' petition, although itself extremely brief, did note the short time-frame for review of final agency orders as established by the AMAA, cite alternative methods for providing notice, and identify at least one case (their own) in which service of a final agency order failed, thereby precluding judicial review. As we noted in our prior memorandum disposition (filed after the denial of the Hornes' rulemaking petition), the "unfairness" of precluding review by someone who never received notice is "obvious" and could be remedied by permitting the exercise of discretion where the agency is aware that notice has failed. *Cf.* Fed. R. App. P. 4(a)(6) ("The district court may reopen the

6

time to file an appeal . . . [if] (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment . . . sought to be appealed within 21 days after entry.").

In short, the Hornes' identification of specific, viable alternative methods for providing notice merited some brief explanation of why the agency did not find it desirable to consider those alternatives at that time. The bare conclusion that its existing procedural rules were "adequate" was not responsive.

**REVERSED** and **REMANDED** to the USDA for further explanation of its reasons for denying the rulemaking petition.