**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL S. BENT, | No. 17-35962 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05916-BHS |
| v. | |
| CHERYL STRANGE, individually and in her official capacity as Acting Secretary of the Washington Department of Social and Health Services (DSHS); et al.[*], | MEMORANDUM[**] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 15, 2018[***]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

---

[*]     Cheryl Strange has been substituted for her predecessor Patricia Lashway as Secretary of the State of Washington, Department of Social and Health Services.  Steven Wagner has been substituted for his predecessor Mark Greenberg as Acting Assistant Secretary for the Administration for Children and Families. *See* Fed. R. App. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Michael S. Bent appeals pro se from the district court's judgment dismissing his claims against the federal Administration for Children and Families ("ACF"), and the district court's summary judgment in favor of the remaining defendants in his action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment); *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(1), 12(b)(6)). We may affirm on any basis supported by the record, *Thomson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment for defendant Washington Department of Social and Health Services ("DSHS") because Bent failed to raise a genuine dispute of material fact as to whether DSHS caused a deprivation of Bent's Fourteenth Amendment rights in its administration of Washington's child support enforcement program under Title IV-D of the Social Security Act, 42 U.S.C. §§ 651-669b. *See Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012) (elements of a § 1983 claim); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit

2                                                                                          17-35962

against the official's office.").

Summary judgment for defendant Clark County was proper because Bent failed to raise a genuine dispute of material fact as to whether any policy or custom of Clark County caused him to suffer a constitutional injury. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

Dismissal of Bent's Administrative Procedures Act ("APA") claim against ACF was proper because Bent failed to allege facts sufficient to show an agency action subject to judicial review, and his entitlement to judicial review. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."), § 704 (allowing judicial review of agency action made reviewable by statute or final agency action for which there is no other adequate remedy in court); *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1198-99 (9th Cir. 1998) (explaining conditions required for agency action to be "final" under the APA); *see also FTC v. Standard Oil Co.*, 449 U.S. 232, 241-42 (1980) (agency action that was not a definitive ruling and had no legal

force or practical effect upon daily business was not final agency action).

The district court did not abuse its discretion by dismissing Bent's APA claim against ACF without leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

We reject as unsupported by the record Bent's contention that the district court was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Bent's urgent motion for authentication of printed paper copies (Docket Entry No. 38) is denied. Bent's request for recusal, set forth in his opening brief and Docket Entry No. 38, is denied.

**AFFIRMED.**

17-35962