**Stewart HOYE, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

**No. 91–35718.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 1992.*

Memorandum Filed Nov. 24, 1992.

Order and Opinion Filed Feb. 17, 1993.

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

David B. Vail, Tacoma, WA, for appellant.

Susan Barnes, Asst. U.S. Atty., Seattle, WA, for appellee.

Before: JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.

## ORDER

The memorandum disposition filed November 24, 1992 is redesignated a per curiam opinion with minor modifications.

## OPINION

PER CURIAM:

### OVERVIEW

An administrative law judge ("ALJ") dismissed Stewart Hoye's application for disability insurance benefits and dismissed his request for a hearing, after Hoye failed to attend a scheduled hearing. Hoye's request for review was denied by the appeals council. He then filed a civil action in the district court. The district court granted the Secretary's motion to dismiss for lack of subject matter jurisdiction under 42 U.S.C. § 405(g) and for lack of a colorable constitutional claim which would have provided the district court with an independent ground of jurisdiction. This appeal followed. We affirm the district court and dismiss this appeal for lack of subject matter jurisdiction.

### DISCUSSION

1. Subject Matter Jurisdiction

■ Judicial review is authorized by 42 U.S.C. § 405(g). The Supreme Court has stated that section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977).

Here, there was no hearing. Hoye was notified of the hearing, but he refused to attend because, according to his attorney, the ALJ who had been assigned the case was prejudiced against his attorney. By refusing to attend the hearing, Hoye waived his opportunity for a hearing and he failed to exhaust the administrative remedy upon which judicial review depends. *Cassim v. Bowen*, 824 F.2d 791, 794 (9th Cir.1987). We may waive Hoye's failure to exhaust his remedies if he demonstrates that his constitutional claim is (1) collateral to a substantive claim of entitlement, (2) colorable, and (3) "one whose resolution would not serve the purposes of exhaustion." *Id.* at 795 (citing *Mathews v. Eldridge*, 424 U.S. 319, 330–32, 96 S.Ct. 893, 900–01, 47 L.Ed.2d 18 (1976)); *see also Sanders*, 430 U.S. at 109, 97 S.Ct. at 986 ("when constitutional questions are in issue, the availability of judicial review is presumed"). We need not consider the first and third factors of this test because we hold Hoye's constitutional claim is not colorable.

2. Colorable Constitutional Claim

A constitutional claim is not "colorable" if it "clearly appears to be immaterial and

made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous." *Boettcher v. Secretary of HHS*, 759 F.2d 719, 722 (9th Cir.1985) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)).

 Hoye bases his substantive due process challenge on the allegation that the ALJ arbitrarily and capriciously dismissed his request for a hearing because the ALJ was biased against his attorney.

The mere allegation of a substantive due process violation is not sufficient to raise a "colorable" constitutional claim to provide subject matter jurisdiction. "[I]f the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be [judicially] reviewable by the inclusion of the [magic] words" "arbitrary" or "capricious". *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir.1986). "Every disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review." *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir.), *cert. denied*, 467 U.S. 1217, 104 S.Ct. 2664, 81 L.Ed.2d 369 (1984).

Hoye has failed to allege facts that would indicate bias on the part of the ALJ or that such bias caused the ALJ to "arbitrarily and capriciously" dismiss his request for a hearing. Nothing in the record shows the ALJ had any personal enmity toward Hoye's attorney or that there would have been anything but a fair, impartial hearing of the case. Hoye's claim of a substantive due process violation is wholly insubstantial.

 Even if his claim were recast as a procedural due process challenge, the result would be the same. If an ALJ refuses to recuse himself for bias or prejudice, after having been requested to do so, a claimant may present his objections to the appeals council "after the hearing." 20 C.F.R. § 404.940. The appeals council then decides whether the hearing decision should stand, be revised, or whether a new hearing should be ordered before another ALJ. *Id.* Judicial review is also available.

However, when Hoye and his counsel failed to appear, the ALJ was fully empowered to dismiss the request for a hearing. 20 C.F.R. § 404.957(b)(1). *See Boettcher* (upholding the procedures for dismissing a request for a hearing after the claimant failed to stay for the hearing). Hoye was then given the opportunity to show "good cause" for his failure to appear, but his showing was insufficient under 20 C.F.R. § 404.936.

### 3. No Evidentiary Hearing

 Hoye argues the district court erred by making its jurisdictional determination without holding an evidentiary hearing or applying a summary judgment standard. We disagree. The material jurisdictional facts are not in dispute. Hoye has not alleged facts sufficient to state a violation of substantive or procedural due process. Even if the district court had applied a summary judgment standard, there would have been no basis for subject matter jurisdiction. *Cf. Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983) (unless "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law," the jurisdictional facts must be determined at trial).

The district court is AFFIRMED. This appeal is DISMISSED for lack of subject matter jurisdiction.