Leda **ANDERSON**, a married person,
Plaintiff–Appellant,

v.

Bruce **BABBITT**, Secretary of the U.S.
Department of the Interior,
Defendant–Appellee.

No. 98–36150.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 4, 2000 [1]

Filed Oct. 30, 2000

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The page content is redacted.

1159

David B. Knodel, Tacoma, Washington, for the plaintiff-appellant.

Mark Chutkow, Assistant Unites States Attorney, Western District of Washington, Seattle, Washington, for the defendant-appellee.

Before: GOODWIN, ALARCON, and McKEOWN, Circuit Judges.

ALARCON, Circuit Judge:

Plaintiff-appellant Leda Anderson appeals from the district court's order dismissing her action for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. Anderson filed a complaint seeking to appeal an order of the Interior Board of Indian Appeals ("IBIA") that affirmed-in-part an administrative law judge's ("ALJ") denial of her motion for summary judgment in an Indian probate proceeding. Anderson's com-

plaint contended that the IBIA violated her constitutional right to due process by failing to follow mandatory procedures in affirming the denial of her motion for summary judgment. The district court dismissed, finding that it lacked subject matter jurisdiction because Anderson had failed to exhaust her administrative remedies. Anderson contends that her due process claim is not subject to the exhaustion requirements of 43 C.F.R. § 4.21(c), and that the district court erred by dismissing for lack of subject matter jurisdiction. We hold that the exhaustion requirements of 43 C.F.R. § 4.21(c) do not bar a district court from considering a colorable due process challenge to the procedures followed by the ALJ and the IBIA in pending Indian probate proceedings. We affirm because we conclude that Anderson has failed to make a showing of either a colorable constitutional claim or futility of administrative exhaustion.

## I

Frank Pickernell ("testator"), a Quinault Indian, died testate on September 20, 1992. Testator's will left his entire estate to his adopted son, Richard Pickernell. Richard Pickernell submitted the will to probate before the Department of Interior's Office of Hearings and Appeals. On July 15, 1996, a creditor presented a claim to the estate for $300,000. In July, 1997, Anderson, the adopted daughter of the testator, first appeared before an ALJ. She moved to deny the creditor's claim and filed a pleading styled as a "Petition to Set Aside Will and to Recover Damages to Estate." The ALJ treated Anderson's "Petition to Set Aside Will" as a motion for summary judgment. On November 14, 1997, the ALJ denied both Anderson's motion to deny the creditor's claim and her petition to set aside the will, finding "that the issue of whether the decedent's last will and testament dated June 26, 1984 is valid is an issue which should be addressed at a hearing with each party entitled to present witnesses and evidentiary matter to support their positions challenging or defending the will."

The ALJ certified his order denying Anderson's motions for interlocutory appeal, pursuant to 43 C.F.R. § 4.28.[2] The ALJ also requested that the IBIA "fast track the appeal." Anderson then filed an interlocutory appeal with the IBIA on December 24, 1997. Anderson also challenged several of the ALJ's discovery rulings. On January 9, 1998, the IBIA affirmed the ALJ's denial of summary judgment insofar as Anderson's motions sought to set aside testator's will in advance of a hearing. The IBIA found the ALJ's order unclear as to whether it deferred judgment on the creditor's claim, and remanded the issue to the ALJ for clarification. The IBIA also reversed and remanded the ALJ's order limiting discovery of testator's medical records to a six-month period immediately preceding the execution of his will.

On January 26, 1998, the ALJ issued an order implementing the IBIA's mandate regarding discovery. The ALJ simultaneously clarified his order denying summary judgment as to the creditor's claim by stating that "[i]t has been and is the intention of this forum to fully treat with the claim at the supplemental hearing at which time the parties can offer evidence to refute or support the claim." On February 6, 1998, Anderson filed a complaint in the district court seeking to appeal the IBIA's order affirming the ALJ's denial of summary judgment and the ALJ's discovery order dated January 26, 1998.[3]

2. An interlocutory appeal from a ruling of an administrative law judge is only permitted if "permission is first obtained from an Appeals Board and an administrative law judge has certified the interlocutory ruling or abused his discretion in refusing a request to so certify." 43 C.F.R. § 4.28 (2000). "Permission will not be granted except upon a showing that the ruling complained of involves a controlling question of law and that an immediate appeal therefrom may materially advance the final decision." *Id.*

3. Anderson's complaint sought alternate forms of relief. She requested that the district court remand her action to the IBIA with directions that the IBIA follow certain procedures in reconsidering her motion for sum-

Anderson later filed an amended complaint which the district court dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

Anderson contends that the allegations in her amended complaint are sufficient to state a claim that the IBIA violated her constitutional right to due process, and thus invest the district court with jurisdiction without regard to the exhaustion requirements of 43 C.F.R. § 4.21(c). The district court found that it lacked subject matter jurisdiction over Anderson's due process claim because there had been no final agency action, no showing of futility, and because Anderson had not exhausted her administrative remedies. We review de novo the district court's conclusion that it lacked subject matter jurisdiction over Anderson's due process claim. *See, e.g., Diaz v. United Agricultural Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1483 (9th Cir.1995).

As a preliminary matter, we must determine whether the exhaustion requirements of 43 C.F.R. § 4.21(c) are jurisdictional. A "statute requiring exhaustion of administrative remedies may be jurisdictional if it is 'more than a codified requirement of administrative exhaustion' and contains 'sweeping and direct' statutory language that goes beyond a requirement that only exhausted claims be brought." *Rumbles v. Hill,* 182 F.3d 1064, 1067 (9th Cir.1999), *cert. denied,* — U.S. —, 120 S.Ct. 787, 145 L.Ed.2d 664 (2000) (quoting *Underwood v. Wilson,* 151 F.3d 292, 294 (5th Cir.1998), *cert. denied* 526 U.S. 1133, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975))). A statute that "merely provides that '[n]o action shall be brought ... until such administrative remedies as are available are exhausted' " is not a jurisdictional bar. *Id.* (quoting *Underwood,* 151 F.3d at 294).

43 C.F.R. § 4.21(c) (2000) provides that, with limited exceptions, "[n]o decision which at the time of its rendition is subject to appeal to the Director or an Appeals Board shall be considered final so as to be agency action subject to judicial review under 5 U.S.C. 704...." This is not "sweeping and direct language that goes beyond a requirement that only exhausted claims be brought." *Rumbles,* 182 F.3d at 1067 (citations and internal quotations omitted). Indeed, this language is no more demonstrative of a jurisdictional bar than the exhaustion requirements of 42 U.S.C. § 1997e(a) which we concluded in *Rumbles* are not jurisdictional.[4] *See id.* Accordingly, we hold that the exhaustion requirements of 43 C.F.R. § 4.21(c) do not bar the filing of a colorable due process claim in federal court regarding pending Indian probate proceedings.[5]

Having concluded that 43 C.F.R. § 4.21(c) does not act as a jurisdictional

mary judgment. Alternatively, she requested that the district court grant her motion as to the creditor's claim and set aside the ALJ's discovery rulings with respect to medical records.

4. Section 1997e(a) reads as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available have been exhausted."

5. *See also Kicking Woman v. Hodel,* 878 F.2d 1203, 1207 (9th Cir.1989) (holding that federal courts have subject matter jurisdiction under 28 U.S.C. § 1331 over claims which "seek to challenge the constitutionality of Indian probate proceedings conducted by the Department of the Interior."). *Kicking Woman* involved a challenge to 25 U.S.C. § 372, which purported to bar judicial review of IBIA succession decisions regarding allotted trust lands. Though *Kicking Woman* did not directly address the exhaustion issue, its holding demonstrates that federal courts retain jurisdiction to consider constitutional claims brought in Indian probate proceedings even in the face of a statutory bar to jurisdiction.

bar, we must determine under what circumstances a plaintiff may bring a constitutional claim without first exhausting her administrative remedies pursuant to 5 U.S.C. § 704. We have previously reviewed a constitutional due process claim brought under an exhaustion statute analogous to 43 C.F.R. § 4.21(c) in *Hoye v. Sullivan*, 985 F.2d 990 (9th Cir.1992). We held in *Hoye* that "[w]e may waive [plaintiff's] failure to exhaust his remedies if he demonstrates that his constitutional claim is (1) collateral to a substantive claim of entitlement, (2) colorable, and (3) 'one whose resolution would not serve the purposes of exhaustion.'" *Id.* at 991 (quoting and citing *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.1987) (citations omitted)). *Hoye* involved a challenge to the exhaustion requirements of 42 U.S.C. § 405(g). Section 405(g) is similar to the requirements of 43 C.F.R. § 4.21(c) because it "clearly limits judicial review to a particular type of agency action, a *'final decision of the Secretary made after a hearing.'*" *Id.* (quoting *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)) (emphasis added). We now hold that the three-factors test set forth in *Hoye* and *Cassim* applies to a constitutional claim that is otherwise subject to 43 C.F.R. § 4.21(c).

## III

### (a) Collateral to Substantive Claim

Applying the first *Hoye* factor, Anderson's claim that the IBIA failed to follow regulations in affirming the ALJ's denial of her motion for summary judgment is clearly collateral to her substantive claim of entitlement to testator's estate. Thus, Anderson satisfies the first prong of the *Hoye* test.

### (b) Colorable Constitutional Claim

"A constitutional claim is not 'colorable' if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous.'" *Hoye*, 985 F.2d at 991–92 (quoting *Boettcher v. Secretary of Health and Human Services*, 759 F.2d 719, 722 (9th Cir.1985) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946))). The mere allegation of a due process violation "is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction." *Id.* at 992. Rather, the plaintiff must allege "facts sufficient to state a violation of substantive or procedural due process." *Id.*

Taken in the light most favorable to Anderson, her amended complaint sought to challenge the constitutionality of the IBIA's procedures in affirming the ALJ's denial of her motion for summary judgment.[6] In her amended complaint, Anderson's central allegation in support of her due process claim is that both the ALJ and the IBIA failed to specify the genuine issues of material fact that precluded granting her motion for summary judgment. Anderson also alleges that the IBIA's failure (1) to have the entire record of the ALJ before it in deciding her interlocutory appeal, (2) to allow further briefing or oral argument in considering her appeal, and (3) to issue findings of fact and conclusions of law violated regulations governing IBIA's appeal process.

Relevant to our determination that the exhaustion requirement of Anderson's due process claim is waivable, including her prayer for injunctive relief, is whether she has demonstrated that she will suffer irreparable injury if she is required to pursue her administrative remedies before seeking review before a district judge. *See, e.g., Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.1987) (stating that a claim must be "colorable in its showing that refusal of the relief sought will cause an

6. The amended complaint's only specific reference to the constitutional claim is that "[p]laintiff further asserts jurisdiction under the federal Constitution, law and falls within [sic] Article II, Section 2, of the Constitution." Anderson's counsel also raised the due process issue at oral argument on the Government's motion to dismiss.

injury which retroactive payments cannot remedy ...." ) (citations omitted); *Mathews v. Eldridge,* 424 U.S. 319, 331 n. 11, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976) (stating that courts have "emphasized that the nature of the claim being asserted and the consequences of deferment of judicial review are important factors in determining whether a statutory requirement of finality has been satisfied[,]" and concluding that plaintiff had demonstrated a colorable claim that irreparable harm would result if relief was denied). Taking Anderson's allegations as true, she has not suffered, nor is she likely to suffer, an irreparable injury. She is entitled to a hearing before the ALJ to determine the merits of her claim to testator's estate. She may appeal the ALJ's final decision to the IBIA, and may seek review of the IBIA's final decision by the district court. In short, Anderson does not demonstrate a deprivation of due process sufficient to abrogate the statutory requirement of finality.

**(c) Serve the Purposes of Exhaustion/Futility**

This inquiry focuses on whether exhaustion would be futile, meaning that nothing could be gained from permitting further administrative proceedings. *See Cassim,* 824 F.2d at 795. Anderson's amended complaint alleges that the ALJ improperly delegated responsibility for discovery decisions to various medical providers. The amended complaint also alleges that the ALJ refused "to accept the [IBIA's] decision regarding use of impeachment evidence." Anderson contends that further proceedings before the ALJ would be futile because this impeachment evidence is crucial to her case.

Assuming that the ALJ refused to implement the IBIA's decision, Anderson does not allege that the IBIA would be unable to correct this decision on appeal. She also fails to allege that any other potential errors could not be corrected through the administrative process, either by moving for reconsideration or appealing to the IBIA. "If the exhaustion requirement is to serve its purpose, we must not allow the exception for constitutional questions to swallow the rule. The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the [tribunal's] ken." *Liu v. Waters,* 55 F.3d 421, 426 (9th Cir.1995). Accordingly, we hold that Anderson has failed to demonstrate that further administrative proceedings would be futile.

## IV

Anderson contends that the district court erred in finding that no "exceptional circumstances" warrant a waiver of the exhaustion doctrine. We have held that in "exceptional circumstances," administrative exhaustion may not be required. *See, e.g., Joint Bd. of Control of Flathead, Mission and Jocko Irrigation Districts v. United States,* 862 F.2d 195, 200 (9th Cir. 1988); *White Mountain Apache Tribe v. Hodel,* 840 F.2d 675, 677 (9th Cir.1988). For example, "[o]bjective and undisputed evidence of administrative bias would render pursuit of an administrative remedy futile." *Joint Bd. of Control,* 862 F.2d at 200.

Anderson maintains that exhaustion is not required because it would be objectively futile. We disagree. In considering a motion to dismiss for failure of jurisdiction, the district court may not deem "[a]dministrative review ... futile if the plaintiff's allegations of bias are purely speculative." *Id.; see also White Mountain Apache Tribe,* 840 F.2d at 678. Anderson did not present any evidence of administrative bias. She asserts that the ALJ's order of January 26, 1998 shows that exhaustion would be futile. That order does not contain "objective and undisputed evidence" that either the ALJ or IBIA is biased against Anderson. *Joint Bd. of Control,* 862 F.2d at 200.

## V

Anderson also contends that the district court erred by not finding that

the IBIA's failure to follow its regulations in affirming the ALJ's denial of her motion for summary judgment constituted a failure to act sufficient to confer jurisdiction. An administrative agency's failure to act, if "unreasonably prolonged," may give rise to federal court jurisdiction even in the absence of final agency action. *Rabkin v. Bowles,* 143 F.2d 600, 601 (9th Cir.1944); *see also United States v. Smith,* 254 F.2d 930, 933 n. 4 (9th Cir.1958); 5 U.S.C. § 706 (providing federal courts with authority to "compel agency action unlawfully withheld or unreasonably delayed").

Anderson contends that the IBIA's and ALJ's failure to respond to her motion for summary judgment, failure to establish a briefing schedule, and failure to enter findings of fact and conclusions of law constitutes a failure to act. However, both the ALJ and IBIA "responded" to Anderson's motion for summary judgment, the ALJ by denying the motion and the IBIA by affirming the ALJ's denial. Neither the ALJ nor the IBIA could reasonably have entered findings of fact and conclusions of law because no evidentiary hearing had yet been held when Anderson moved for summary judgment. Moreover, Anderson has made no showing of unreasonable delay either on the part of the ALJ or the IBIA.

## CONCLUSION

We hold that the exhaustion requirements of 43 C.F.R. § 4.21(c) do not bar federal court jurisdiction over a colorable due process claim regarding pending Indian probate proceedings. We further conclude that Anderson's due process claim is not excepted from the exhaustion requirements of 43 C.F.R. § 4.21(c) because she has failed to make a showing of a colorable constitutional claim, and has failed to demonstrate that further proceedings before the ALJ and IBIA would be objectively futile. Finally, we determine that Anderson has failed to demonstrate that the IBIA's actions constituted a failure to act sufficient to confer jurisdiction pursuant to 5 U.S.C. § 706. Because Anderson's amended complaint fails to allege facts showing a colorable violation of

due process, the district court did not err in dismissing this action for lack of subject matter jurisdiction.

AFFIRMED.