McBRIDE COTTON AND CATTLE CORPORATION, an Arizona corporation, on behalf of themselves and others similarly situated; Running Water Land & Cattle, Inc., a Texas corporation, on behalf of themselves and all others similarly situated; Thompson Farm, a Texas General Partnership, on behalf of themselves and all others similarly situated; C.J. Land & Cattle, L.P., a Nebraska Limited Partnership, on behalf of themselves and all other similarly situated; Brandstatt Family Trust, a Texas trust, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

Ann M. VENEMAN,* Secretary of the United States Department of Agriculture, Defendant–Appellee.

No. 00–17378.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Filed April 19, 2002.

---

* Ann M. Veneman, as Secretary of Agriculture, is substituted for her predecessor in office under Federal Rule of Appellate Procedure 43(c)(2).

Merinda K. Condra and Gary D. Condra, Condra & Condra, Lubbock, TX, for the appellants.

Sushma Soni, Department of Justice, Washington, DC, for the appellee.

Before: THOMPSON, W. FLETCHER, and BERZON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge.

The five plaintiffs operate family farm businesses which receive contractual payments from farm programs administered by the United States Department of Agriculture's (USDA) Commodity Credit Corporation (CCC). Each plaintiff has at least one shareholder, member, or beneficiary who is a delinquent debtor on an agricultural loan administered by the USDA. None of the plaintiffs is a delinquent debtor. Through administrative offset, the Secretary of Agriculture took pro-rata shares of contractual payments owed to the non-debtor plaintiffs to satisfy delinquent debts owed by the respective individual debtors. In effecting these offsets, the Secretary gave notice to the individual debtors of the intent to offset and of available administrative remedies. As a matter of policy, however, the Secretary has interpreted the regulations as not requiring such notice to be given to the non-debtor entities. The plaintiffs contend the Secretary's no notice policy violates their constitutional rights to due process. The district court did not decide the plaintiffs' due process claims nor determine any underlying factual issue, such as whether notice to the individuals could be imputed to the entities. Instead, the district court dismissed the entities' complaint for lack of subject matter jurisdiction, because of their failure to exhaust administrative remedies under 7 U.S.C. § 6912(e).

We hold that the exhaustion requirement of 7 U.S.C. § 6912(e) is not jurisdictional. We further hold that exhaustion is excused because the plaintiffs' complaint alleges collateral, colorable constitutional claims and attempting to exhaust those claims would be futile. Accordingly, we reverse and remand to allow the district court the opportunity to consider the merits of the plaintiffs' claims.

## I

Because it is relevant to our discussion of the jurisdictional issue, we briefly summarize the undisputed facts regarding the nature of each plaintiff entity, the relationship of the various delinquent debtors to their non-debtor entities, the notices given, and any administrative appeal efforts.

Plaintiff McBride Cotton & Cattle Corporation has five shareholders, including Thomas McBride. In 1996, McBride Cotton entered into two Production Flexibility Contracts. These contracts are seven-year contracts, administered by the Commodity Credit Corporation on behalf of the USDA, under which participants agree to subject eligible cropland to certain conservation and land-use restrictions in exchange for annual contract payments. 7 U.S.C. § 7211. In 1997, the Farm Service Agency, on behalf of the CCC, sent McBride Cotton a notice of intent to collect Thomas McBride's individual debt by administrative offset from payments owed to McBride Cotton. Thereafter, the Farm Service Agency administratively offset $21,773.68 of the debt owed by Thomas McBride against $68,540.52 owed to McBride Cotton under its Production Flexibility Contracts.

Although McBride Cotton filed no administrative appeal in 1997 or 1998, it filed an appeal in 1999. The USDA National Appeals Division, which has jurisdiction over administrative appeals under 7 U.S.C. §§ 6991–6998, accepted McBride Cotton's appeal, but suspended consideration of the appeal pending the outcome of this litigation.

Plaintiff Running Water Land & Cattle Inc. is a corporation whose president is John Mitchell. All other officers, directors, and shareholders are members of the Mitchell family. Before Running Water was incorporated, John Mitchell personally received several loans from the Farmers Home Administration, an agency of the USDA. Two of these loans remain outstanding, and in 1998 John Mitchell became delinquent on them.

Running Water entered into a Production Flexibility Contract with the Commodity Credit Corporation. The Farm Service Agency sent John Mitchell a notice of intent to collect his indebtedness by administrative offset from Running Water. Although Mitchell protested and requested an appeal, the National Appeals Division denied his appeal request, asserting that it was not timely. Thereafter, to collect John Mitchell's delinquent debt, the Commodity Credit Corporation offset $1,329 from the amount owed to Running Water under its Production Flexibility Contract.

Plaintiff Thompson Farm is a Texas general partnership that was formed in 1975. Roger Thompson is a partner, as are two other family members. Starting in 1980, Thompson family members individually received several Farmers Home Administration Loans. Three of these loans, all made in December 1986, are outstanding. In 1996, Thompson Farm entered into eleven separate Production Flexibility Contracts with the Commodity Credit Corporation. In August 1997, the Farm Service Agency sent Roger Thompson a notice of intent to offset his individual debt against Product Flexibility Contract payments owed to Thompson Farm. The Farm Service Agency then offset $5,413 from $60,372 owed to Thompson Farm. There is no record that an administrative appeal was requested.

Plaintiff Brandstatt Family Trust (the Trust) was created in January 1995 by J.M. Brandstatt and his wife Hattie Brandstatt, as trustors. One of their children, Marie Sawyer, is trustee. The beneficiaries of the Trust are Marie Sawyer and two other children of the trustors, including Glynn Brandstatt, who is in default on an individual soil and water loan

administered by the Farm Service Agency. The debtor, Glynn Brandstatt, has executed numerous Commodity Credit Corporation documents on behalf of the Trust. In June 1997, the Farm Service Agency sent an administrative offset notice to Glynn Brandstatt, informing her that her individual debt would be offset against amounts owed by the Commodity Credit Corporation to the Trust. Glynn Brandstatt requested reconsideration, but her request was denied. Between 1996 and 1999, $2,536.93 of Glynn Brandstatt's outstanding debt was offset against $12,568.16 in payments owed to the Trust. In January 1998, the Trust requested reconsideration of a $439 offset, but that request was denied. There is no record of any administrative appeal.

Plaintiff C.J. Land & Cattle, L.P. is a limited partnership formed in 1994. James Gabel is a general partner owning 50% of the partnership; the other 50% belongs to his father. In the early 1980s, James Gabel received two individual farm ownership loans from the Farmers Home Administration. Those loans were accelerated by the Farm Service Agency in 1996 due to nonpayment. James Gabel also signed Production Flexibility Contracts on behalf of C.J. Land & Cattle.

The Farm Service Agency sent James Gabel a notice of intent to begin administrative offsets to collect his individual debts from amounts owed to C.J. Land & Cattle. Between 1996 and 1998, the Farm Service Agency offset $47,082.84 of James Gabel's individual indebtedness against $171,072 owed to C.J. Land & Cattle. In October 1998, C.J. Land & Cattle filed an administrative appeal. The USDA Office of General Counsel determined that the Farm Service Agency lacked authority to administratively offset program payments due non-debtor entities to collect delinquent debts of entity members. Based on that decision, the Farm Service Agency

refunded the entire amounts offset from C.J. Land & Cattle.

. II

The district court dismissed this case for lack of subject matter jurisdiction, because the plaintiffs had failed to exhaust administrative remedies as required by 7 U.S.C. § 6912(e). Thus, the first issue we consider is whether the exhaustion requirement of 7 U.S.C. § 6912(e) is a limitation on federal court jurisdiction. This statute provides:

> Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary [of Agriculture] or required by law before the person may bring an action in a court of competent jurisdiction against—
> (1) the Secretary;
> (2) the Department; or
> (3) an agency, office, officer, or employee of the Department.

7 U.S.C. § 6912(e).

A statute that requires exhaustion of administrative remedies may limit the district court's subject matter jurisdiction if the exhaustion statute is "more than a codified requirement of administrative exhaustion" and contains "sweeping and direct" language that goes beyond a requirement that only exhausted claims be brought. *Weinberger v. Salfi*, 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Anderson v. Babbitt*, 230 F.3d 1158, 1162 (9th Cir.2000). However, failure to exhaust does not deprive a federal court of jurisdiction when the exhaustion statute is merely a codification of the exhaustion requirement. *Rumbles v. Hill*, 182 F.3d 1064, 1067 (9th Cir.1999).

Consistent with the Supreme Court's guidance in *Weinberger*, we have rarely found exhaustion statutes to be a jurisdictional bar. For instance, in *Anderson*, we

reviewed the exhaustion requirement of 43 C.F.R. § 4.21(c), which states: "No decision which at the time of its rendition is subject to appeal to the Director or an Appeals Board shall be considered final so as to be agency action subject to judicial review under 5 U.S.C. § 704...." We found that this language was not the type of "sweeping and direct language" that divests the district court of jurisdiction. *Anderson,* 230 F.3d at 1162.

Similarly, in *Rumbles,* 182 F.3d at 1067, we reviewed the exhaustion requirement of 42 U.S.C. § 1997e(a), which provides:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Again, we held that exhaustion of remedies under § 1997e(a) was not a jurisdictional prerequisite to suit under 42 U.S.C. § 1983. *Id.*

▪ By contrast, we have found the failure to exhaust administrative remedies to be a bar to federal subject matter jurisdiction where the exhaustion statute explicitly limits the grant of subject matter jurisdiction and is an integral part of the statute granting jurisdiction. In *Henderson v. Bank of New England,* 986 F.2d 319 (9th Cir.1993), we examined the administrative review process set forth in 12 U.S.C. § 1821(d)(3)-(10) and the limitation upon further judicial review imposed by 12 U.S.C. § 1821(d)(13)(D), which states as follows:

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the

assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D). We held that the requirement of 12 U.S.C. § 1821(d)(13)(D) was jurisdictional because the statute "strips all courts of jurisdiction over claims made outside the administrative procedures of section 1821...." *Henderson,* 986 F.2d at 320.

In *Gallo Cattle Co. v. United States Department of Agriculture,* 159 F.3d 1194 (9th Cir.1998), we reviewed the administrative appeals process and exhaustion requirement of 7 U.S.C. § 4509. That section provides:

(a) Any person subject to any order issued under this subchapter may file with the Secretary a petition stating that any such order or any provision of such order or any obligation imposed in connection therewith is not in accordance with law and requesting a modification thereof or an exemption therefrom. The petitioner shall thereupon be given an opportunity for a hearing on the petition, in accordance with regulations issued by the Secretary. After such hearing, the Secretary shall make a ruling on the petition, which shall be final if in accordance with law.

(b) The district courts of the United States in any district in which such person is an inhabitant or carries on business are hereby vested with jurisdiction to review such ruling, if a complaint for that purpose is filed within twenty days from the date of the entry of such ruling.

7 U.S.C. § 4509. We held that the exhaustion requirement of § 4509(b) was jurisdictional because it explicitly granted the

district court jurisdiction over only those claims which had previously been presented to the Secretary by administrative petition. *Gallo Cattle*, 159 F.3d at 1197–98.

■ Comparing the exhaustion requirement in this case with other exhaustion requirements we have considered, we hold that 7 U.S.C. § 6912(e) does not limit the district court's subject matter jurisdiction over the plaintiffs' claims. Nothing in § 6912(e) mentions, defines, or limits federal jurisdiction. Instead, § 6912(e)'s requirement that "a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction . . ." is similar to the language which, in *Anderson* and *Rumbles,* we held was merely a codification of the exhaustion requirement.

Arguing for a contrary result, the Secretary relies upon the Second Circuit's decision in *Bastek v. Federal Crop Insurance Corporation,* 145 F.3d 90 (2d Cir.1998), holding that the statutory exhaustion requirement of 7 U.S.C. § 6912(e) may not be waived by the court. The court in *Bastek* based its analysis upon a determination that the exhaustion requirement of § 6912(e) was a statutory requirement, as opposed to one which had been "judicially—developed." *Id.* at 94–95. We recognized in *Anderson, Rumbles,* and similar cases, however, that not all statutory exhaustion requirements are created equal. Only statutory exhaustion requirements containing "sweeping and direct" language deprive a federal court of jurisdiction. *Anderson,* 230 F.3d at 1162; *Rumbles,* 182 F.3d at 1067. Section 6912(e) contains no such language.

We conclude that the plaintiffs' failure to exhaust the administrative remedies re-

quired by 7 U.S.C. § 6912(e) did not deprive the district court of subject matter jurisdiction. Exhaustion is, however, a requirement of § 6912(e) which the plaintiffs failed to meet. Therefore, we must decide whether, as the plaintiffs contend, their failure to exhaust should be excused.

### III

■ Given the importance of administrative review prior to judicial intervention, we held in *Anderson* that even where exhaustion is not a jurisdictional prerequisite to suit, a court should require compliance with an exhaustion statute unless the suit alleges a constitutional claim which is "(1) collateral to a substantive claim of entitlement, (2) colorable, and (3) 'one whose resolution would not serve the purposes of exhaustion'". 230 F.3d at 1163 (quoting *Hoye v. Sullivan,* 985 F.2d 990, 991 (9th Cir.1992)). We conclude that the plaintiffs' claims in this case satisfy each of these requirements.

A claim is collateral if it is not "bound up with the merits so closely that [the court's] decision would constitute 'interference with agency process'." *Johnson v. Shalala,* 2 F.3d 918, 922 (9th Cir.1993) (quoting *Johnson v. Sullivan,* 922 F.2d 346, 353 (7th Cir.1990)). In this case, the plaintiffs contend that the Secretary is required, both by due process and by statute,[1] to give prior notice directly to non-debtor entities of an intent to administratively offset delinquent debts of an individual debtor. The plaintiffs also argue that the Secretary's regulations require her to give non-debtor entities notice prior to such an administrative offset, and that if they do not, the regulations exceed the scope of the Secretary's authority.[2] The plaintiffs'

---

1. The Secretary is required by 7 U.S.C. § 6994 to give written notice to farm program participants of an adverse decision and of available administrative review rights.

2. The plaintiffs do not challenge either the amounts administratively offset, or the percentages of ownership interests of the individ-

challenges are thus facial challenges to the Secretary's policy, and they are asserted in light of constitutional and statutory law, as well as regulatory provisions. The plaintiffs contend that pursuing these challenges in federal court does not interfere with the agency's process because there is no agency process by which these claims may be resolved. We agree.

A farm loan program participant may not use the administrative appeals process "to seek review of statutes or USDA regulations issued under Federal law." 7 C.F.R. 11.3(b); *Gold Dollar Warehouse, Inc. v. Glickman*, 211 F.3d 93, 99 (4th Cir.2000) (plaintiffs were not required under 7 U.S.C. § 6912(e) to exhaust facial challenge to scope of Secretary's authority because such a challenge could not be considered by the National Appeals Division). Nonetheless, the Secretary argues that the plaintiffs were required to comply with the administrative appeals process set forth in 7 U.S.C. §§ 6991–6998 and related regulations. Under those sections, a "participant" may appeal any "adverse decision" both informally to county and state officials and formally to the National Appeals Division. However, the Secretary has pointed to no administrative appeal procedures "established by the Secretary or required by law" to address facial challenges to the regulations or the scope of the Secretary's actions. To the contrary, the Secretary confirmed at oral argument that under her interpretation of the regulations, the only issue a non-debtor entity can raise in the administrative appeals process is the percentage of ownership of an individual debtor in the non-debtor enti-

ty, a matter which is not challenged by any plaintiff in this case.

We conclude the district court's review of the plaintiffs' claims would not constitute "interference with agency process." *Johnson*, 2 F.3d at 922; *see also Barahona–Gomez v. Reno*, 167 F.3d 1228, 1234 (9th Cir.1999), *supplemented by* 236 F.3d 1115 (9th Cir.2001) (a class action challenging the adequacy of notice of deportation procedures was not barred by failure to exhaust under 8 U.S.C. § 1252(g) because the plaintiffs' claim did not "aris[e] from the decision or action by the Attorney General," but was instead a "general collateral challenge to unconstitutional practices and policies."). Accordingly, the plaintiffs' claims are collateral.[3] We next consider whether the claims are also colorable.

A colorable claim is one which is not "wholly insubstantial, immaterial, or frivolous." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.1987).

> "A constitutional claim is not 'colorable' if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous'". The mere allegation of a due process violation is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction. Rather, the plaintiff must allege "facts sufficient to state a violation of substantive or procedural due process."

*Anderson*, 230 F.3d at 1163 (quoting *Hoye v. Sullivan*, 985 F.2d 990, 991–92 (9th Cir. 1992)).

ual debtors in their respective non-debtor entities.

3. On remand, once the district court determines whether the Secretary is required to give any notice to the non-debtor entities of an intended offset and of available administrative remedies, it may need to determine the

nature and extent of notice that was received by or imputed to the plaintiffs. Because the Secretary established no administrative process or forum by which the plaintiffs could raise their facial Constitutional claims, the fact that this underlying factual inquiry must be made does not alter our conclusion that the plaintiffs' claims are collateral.

Generally, the Due Process Clause requires "that individuals receive notice and a meaningful opportunity to be heard before the government deprives them of property." *James Daniel Good Real Prop.*, 510 U.S. 43, 48, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). The plaintiffs allege that the Secretary has taken money owed to them without giving them prior notice of the intent to effect an administrative offset and without notifying them of available administrative appeal rights.[4] The plaintiffs further allege that when they attempted to appeal the offsets, the Secretary interpreted the regulations to deny them any appeal rights by concluding that: (1) the administrative offset is not an "adverse decision" as to a non-debtor entity,[5] and (2) the non-debtor entities are not "debtors" entitled to appeal under the regulations. We conclude the plaintiffs' allegations of the denial of due process present colorable claims.

We also conclude that exhaustion of the plaintiffs' claims would be futile. The purpose of exhaustion is to allow the agency, in the first instance, to develop a detailed factual record and utilize its expertise in applying its own regulations to those facts. *Johnson*, 2 F.3d at 922. In this case, however, the National Appeals Division lacks authority to resolve the claims presented by the plaintiffs. Requiring exhaustion would be an idle act. *See Bowen v. City of New York*, 476 U.S. 467, 484–85, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

The plaintiffs' failure to exhaust their claims is excused. Thus, we remand all of their claims to the district court for consideration on the merits.

## IV

Our remand includes the claims of C.J. Land & Cattle, notwithstanding the Secretary's contention that those claims are moot because the administrative offsets made against contractual payments owed to C.J. Land & Cattle were voluntarily refunded to it after this action was commenced.

▮▮▮▮▮ Under Article III of the Constitution, federal courts have jurisdiction only over a "case or controversy." *Public Util. Comm'n v. F.E.R.C.*, 100 F.3d 1451, 1458 (9th Cir.1996). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (additional citations omitted). A key inquiry is whether the court is "able to grant effective relief." *Id.; Public Util. Comm'n*, 100 F.3d at 1458 (citing *GTE California, Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir.1994)).

▮▮▮▮▮ The voluntary cessation of challenged conduct does not necessarily render a case moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). Here, C.J. Land & Cattle continues to receive contractual payments from the USDA, and its

---

**4.** The Secretary moved to dismiss for lack of jurisdiction, or in the alternative for summary judgment. The plaintiffs never opposed the Secretary's summary judgment motion because the court agreed to defer its decision on the merits of the plaintiffs' claims pending resolution of the jurisdictional issue. Thus, we accept as true the substantive allegations of the plaintiffs' complaint for purposes of evaluating whether those claims are colorable. *See Anderson*, 230 F.3d at 1163.

**5.** Notwithstanding the Secretary's view, in May 1999 the National Appeals Division issued a suspension order finding that the administrative offset against McBride Cotton constituted an "adverse decision" under 7 C.F.R. § 11.1, and that its appeal was appropriate. As stated earlier, that appeal has been suspended pending the outcome of this litigation.

50% general partner, James Gabel, remains delinquent on individual farm loans. Thus, C.J. Land & Cattle remains subject to administrative offset. Although the Secretary argues in her brief that she has now changed her policy and will provide non-debtor entities with notice of the intent to administratively offset individual debts against amounts owed to the entities, the plaintiffs have presented additional evidence suggesting that local offices have not followed the new policy. We conclude that C.J. Land & Cattle's claims are not moot.

REVERSED and REMANDED.