**Theodora KENOYER, Plaintiff— Appellant,**

v.

**Jo Anne BARNHART,\* Commissioner of Social Security, Defendant— Appellee.**

No. 01–35469.

D.C. No. CV–00–00200–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Oct. 23, 2002.

* Jo Anne Barnhart is substituted for her predecessor Kenneth S. Apfel as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

**174**

Before BROWNING, FISHER, and TALLMAN, Circuit Judges.

### MEMORANDUM **

■ Because the administrative law judge failed to fill out a psychiatric review technique form (PRTF) despite Mrs. Kenoyer's colorable claim of mental impairment, we reverse the judgment of the district court and remand for proceedings consistent with this memorandum.

The regulations in force at the time the administrative law judge decided Kenoyer's case required her to fill out and attach a PRTF "in any case where there is evidence which indicates the existence of a mental impairment." 42 U.S.C. § 421(h); 20 C.F.R. § 404.1520a(a)-(d)(1) (1998). An administrative law judge's failure to fill out a PRTF requires reversal if the plaintiff had a "colorable claim of a mental impairment." *Gutierrez v. Apfel,* 199 F.3d 1048, 1051 (9th Cir.2000). "A colorable claim is one which is not 'wholly insubstantial, immaterial, or frivolous.'" *McBride Cotton & Cattle Corp. v. Veneman,* 290 F.3d 973, 981 (9th Cir.2002) (quoting *Cassim v. Bowen,* 824 F.2d 791, 795 (9th Cir.1987)). Dr. Parlatore, the only psychiatrist to examine Kenoyer, noted that she had been treated for depression for three years and that she had some "suicidal ideation." He diagnosed her with an "adjustment disorder with depressed mood," and found that she had "depression affecting pain" and a GAF score of 50. This evidence constituted a colorable claim of mental impairment, and therefore a PRTF was required.

■ The ALJ's failure to fill out the PRTF was not harmless because it resulted in her failure to consider Kenoyer's mental impairment when deciding whether to credit her claims of pain. The ALJ

disbelieved Kenoyer and as a result found that she could do light work. *Compare Montgomery v. Shalala,* 30 F.3d 98, 100 (8th Cir.1994) ("An administrative law judge's 'failure to examine the possibility that a psychological impairment aggravates [a claimant's] perception of pain' undermines any determination by the administrative law judge that the claimant's mental impairments are not disabling.") (quoting *Pratt v. Sullivan,* 956 F.2d 830, 836 (8th Cir.1992)) (alteration in original).

On remand, the ALJ must evaluate Kenoyer's mental impairment using the current procedures set forth at 20 C.F.R. § 404.1520a, and must perform the subsequent steps of the analytical process, particularly Steps 4 and 5, in light of the new mental impairment evaluation.

If the ALJ concludes that the record is inconsistent, ambiguous or insufficient to determine the extent of Kenoyer's mental impairment, a new psychiatric examination may be required. *See* 20 C.F.R. §§ 404.1519a(b)(4), 416.919a(b)(4) (2000); *see also Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996) ("'In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'") (quoting *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983)).

The judgment of the district court is reversed and the case is remanded with instructions to remand the matter to the Commissioner for proper evaluation and documentation of the claimant's mental impairments.

### REVERSED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.