Delea D. DYKSTRA, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commission-
er, Social Security Administra-
tion, Defendant—Appellee.

No. 02–36107.
D.C. No. CV–01–06351–FR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2004.

Decided March 15, 2004.

Drew L. Johnson, Esq., Kathryn Tassi-
nari, Esq., Drew L. Johnson, P.C., Eu-
gene, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., Office of the U.S.
Attorney, Portland, OR, David Burdett,
Esq., Social Security Administration, Of-
fice of the General Counsel, Seattle, WA,
for Defendant–Appellee.

Before MCKEOWN and FISHER,
Circuit Judges, and GONZALEZ, District
Judge.*

MEMORANDUM **

The Administrative Law Judge ("ALJ")
did not comply with the procedures re-
quired for the evaluation of mental impair-
ments under 20 C.F.R. § 404.1520a. Be-

---

\* The Honorable Irma E. Gonzalez, United
States District Judge for the Southern District
of California, sitting by designation.

cause we conclude that this error was not harmless, we reverse the judgment of the district court and remand for proceedings consistent with this memorandum.

To evaluate a claim of disability based on mental impairment, the Commissioner is required to utilize a standard technique at the administrative hearing level in order to assist the Commissioner in (1) identifying the need for additional evidence, (2) considering and evaluating the functional consequences of the mental disorder on the claimant's ability to work and (3) organizing and presenting the facts. *See* 20 C.F.R. § 404.1520a(a). To ensure that the ALJ properly followed these procedures, the ALJ must incorporate "pertinent findings and conclusions based on the technique" in his written decision and "include a specific finding as to the degree of limitation in each of [four] functional areas." 20 C.F.R. § 404.1520a(e)(2).

■ The ALJ here did not incorporate "pertinent findings and conclusions" suggesting that he had properly followed these procedures. Failure to do so requires reversal if the plaintiff had a "colorable claim of a mental impairment." *See Gutierrez v. Apfel,* 199 F.3d 1048, 1051 (9th Cir.2000) (construing earlier version of § 1520a requiring that ALJ complete a psychiatric review technique form). "A colorable claim is one which is not 'wholly insubstantial, immaterial, or frivolous.'" *McBride Cotton & Cattle Corp. v. Veneman,* 290 F.3d 973, 981 (9th Cir.2002) (quoting *Cassim v. Bowen,* 824 F.2d 791, 795 (9th Cir.1987)). Evaluating psychologist Teri Strong, Ph.D., concluded that a diagnosis of conversion disorder or somatoform pain disorder might be appropriate, and that Dykstra might also suffer from "post traumatic stress-type symptoms." [ER 16, 329–30.] This evidence constituted a colorable claim of mental impairment, and therefore the ALJ was required to follow the procedures established in § 1520a.

■ The ALJ's noncompliance with § 1520a was not harmless because it resulted in his failure to consider adequately Dykstra's mental impairment at the latter steps of the evaluation, such as in determining (1) whether at step 3 Dykstra met or equaled one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; (2) Dykstra's residual functional capacity at step 4; and (3) the hypothetical he posed to the vocational expert at step 5. *See* 20 C.F.R. § 404.1520 (listing five-step evaluation process). The ALJ also utilized Dykstra's mental impairment as a means of discrediting Dykstra's claims of pain and—as the ALJ did not make findings and conclusions in accordance with § 1520a—we cannot determine whether substantial evidence supports this determination.

On remand, the ALJ must evaluate Dykstra's mental impairment using the procedures set out at 20 C.F.R. § 1520a and must perform the subsequent steps of the analytical process, particularly steps 3, 4 and 5, in light of the new mental impairment evaluation. If the ALJ concludes that the record is inconsistent, ambiguous or insufficient to determine the extent of Dykstra's mental impairment, a new psychiatric examination may be required. *See* 20 C.F.R. §§ 404.1519a(b)(4), 416.919a(b)(4); *see also Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.").

The judgment of the district court is reversed and the case is remanded with instructions to remand the matter to the Commissioner for proper evaluation and documentation of Dykstra's mental impair-

ments and their effect on Dykstra's claim of disability.

REVERSED and REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.