**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY D'ANGELO, | No. 09-55653 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-0718-JAH-(LSP) |
| v. | |
| DONALD C. WINTER, Secretary of the Navy, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted June 11, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and BENNETT, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

Plaintiff Timothy D'Angelo ("Plaintiff") appeals the dismissal with prejudice of his action for wrongful termination of employment. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

Plaintiff sued Donald C. Winter, Secretary of the Navy ("Defendant"), alleging that the Navy Exchange violated his Fifth Amendment rights by suspending and terminating his employment without due process. The district court dismissed Plaintiff's complaint because Plaintiff, an "excepted service" employee, has no constitutionally protected property right in continued employment under the Civil Service Reform Act ("CSRA"). However, the district court did not consider whether Plaintiff has a property right in continued employment created by another source. *See Orloff v. Cleland*, 708 F.2d 372, 377 (9th Cir. 1983) (stating that property rights may arise from statutes, regulations, ordinances, and express or implied contracts). At argument, Defendant conceded that the Navy's policies created a property right for Plaintiff. Thus, the dismissal cannot be affirmed on the basis that Plaintiff has no constitutionally protected property right in continued employment.

Defendant asks this Court to affirm on the alternate basis that some of the Navy's acts listed in the First Amended Complaint are discretionary employment decisions and the CSRA indicates Congress's intention to preclude judicial review

of employment decisions. However, this Court has held that a plaintiff with no alternate avenue of review is not precluded from bringing constitutional claims seeking equitable relief. *See AFGE Local 1 v. Stone*, 502 F.3d 1027, 1037–39 (9th Cir. 2007). Such constitutional claims must be colorable. *See Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000). Here, Plaintiff alleges a colorable Fifth Amendment violation, seeks equitable relief, and has no alternate avenue of review. Therefore, the dismissal cannot be affirmed on the basis that some of the Navy's acts may have been discretionary.

Finally, Defendant asks this Court to affirm on the alternate basis that Plaintiff received due process as a matter of law. However, the First Amended Complaint alleges that the review process was a facade and the outcome was predetermined. A hearing with a predetermined outcome does not satisfy due process. *See Matthews v. Harney County*, 819 F.2d 889, 894 (9th Cir. 1987). Therefore, the dismissal cannot be affirmed on the basis that Plaintiff received due process as a matter of law.

REVERSED and REMANDED.



***D'Angelo v. Winter*, Case No. 09-55653**
**Rawlinson, Circuit Judge, concurring:**

I concur in the proposed disposition because, and only because, the government conceded that Plaintiff Timothy D'Angelo had a property interest in continued employment with the United States Navy. Because the district court did not reach the issue of the adequacy of the pleadings regarding the process afforded D'Angelo, neither do I.