**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN D. MARSHALL, | No. 13-36104 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01550-BR |
| v. | |
| GORDON TRUCKING, INC., a foreign corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 5, 2016[**]
Portland, Oregon

Before: TALLMAN and HURWITZ, Circuit Judges and BATTAGLIA,[***] District Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Steven Marshall appeals a district court order dismissing his claims under the Americans with Disabilities Act for failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C § 1291, and we reverse.

1. The district court understandably treated Defendant Gordon Trucking's summary judgment motion as an "unenumerated Rule 12(b) motion" under *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). Six months after the district court's order, we overruled *Wyatt* in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc). In *Albino*, we held that failure to exhaust is an affirmative defense that should normally be raised thorough a summary judgment motion. *Id.* at 1166. Without the benefit of *Albino*, the district court erred in treating Gordon Trucking's motion as a motion to dismiss and not as a summary judgment motion.

2. The district court also erred in holding that it lacked subject matter jurisdiction over Marshall's claims because he failed to exhaust remedies available under Department of Transportation ("DOT") regulations. We have "rarely found exhaustion statutes to be a jurisdictional bar." *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 978 (9th Cir. 2002). Rather, "we have found the failure to exhaust administrative remedies to be a bar to federal subject matter jurisdiction where the exhaustion statute explicitly limits the grant of subject matter jurisdiction." *Id.* at 979. The DOT regulations at issue here never mention the

2

court's jurisdiction. *See* 49 C.F.R. §§ 386.13, 386.67, 391.47. Thus, the district court erred in holding that exhaustion under the DOT regulations is jurisdictional.

On remand, the district court should apply the *Albino* framework and resolve any disputed material facts relevant to exhaustion in this case. *See Albino*, 747 F.3d at 1170-71. The district court should also consider whether to exercise its discretion to excuse exhaustion or to invoke the doctrine of primary jurisdiction. *See Rodrigues v. Donovan*, 769 F.2d 1344, 1349 (9th Cir. 1985) (remanding for district court to exercise its discretion "in the first instance"); *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780-81 (9th Cir. 2002) (summarizing primary jurisdiction and noting factors traditionally considered in the court's discretion).

Costs are awarded to appellant.

**REVERSED and REMANDED.**