**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY JOHN CURLEE,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>MARTIN O'MALLEY, Commissioner of<br>Social Security,<br><br>     Defendant-Appellee. | No. 22-15655<br><br>D.C. No. 1:20-cv-00145-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding[**]

Submitted May 10, 2024[***]

Before: D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges:

Larry John Curlee appeals pro se the district court's dismissal of his appeal

of the Commissioner of Social Security's decision regarding the suspension of his

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

 [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security retirement benefits. Curlee initially requested a hearing before the Administrative Law Judge (ALJ) to challenge the suspension of his Social Security retirement benefits. The ALJ suspended Curlee's Social Security benefits after he failed to appear at a hearing or to respond to a request to show cause. The ALJ dismissed Curlee's request for a hearing, and Curlee appealed to the Commissioner of Social Security. The Commissioner denied Curlee's appeal for review, and Curlee appealed to the district court. The district court denied Curlee's appeal initially and upon reconsideration and entered judgment. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

We review the agency's decision for an "abuse of discretion as to the overall conclusion, and substantial evidence as to any fact." *Smith v. Berryhill*, 139 S. Ct. 1765, 1779 n.19 (2019) (citation and internal quotation marks omitted). We may properly consider this appeal, regardless of whether the Commissioner's decision is a "final decision" for purposes of § 405(g), because the agency has waived the requirement of administrative exhaustion. *See* 42 U.S.C. § 405(g); *Smith*, 139 S. Ct. at 1773–74.

We find no abuse of discretion in the ALJ's dismissal of Curlee's request for a hearing before the ALJ. Substantial evidence supports the ALJ's finding that good cause did not excuse Curlee's failure to appear, and Curlee failed to respond to the ALJ's request to show cause. 20 C.F.R. § 404.957(b)(1) provides that an

2

ALJ may dismiss a request for a hearing where neither a claimant nor his representative appears at the scheduled time and place and either the claimant has been notified that the request for hearing may be dismissed without further notice if he does not appear and does not establish good cause for the failure to appear, or the ALJ mails a notice as to why the claimant did not appear and the claimant does not give a good reason for the failure to appear within ten days. 20 C.F.R. § 404.957(b)(1); *see also Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992). Curlee did not request that he be permitted to appear at his hearing by telephone.

We decline to address Curlee's argument that the agency improperly suspended his retirement benefits. *See Smith*, 139 S. Ct. at 1780 ("[A] court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal . . . .")

Curlee's motion for leave to amend the opening brief is denied.

**AFFIRMED.**