**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAPATO HERITAGE, L.L.C., | No. 09-36150 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00177-RHW |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES BUREAU OF INDIAN AFFAIRS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted January 13, 2011
Seattle, Washington

Before: GRABER and M. SMITH, Circuit Judges, and BREYER,[**] District Judge.

Plaintiff-Appellant Wapato Heritage, L.L.C. (Wapato), appeals the district

court's orders denying its motion for summary judgment and motion for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

reconsideration, and granting Defendants-Appellees' motion for summary judgment and motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts, except as necessary to explain our decision. In a separate opinion, we address, among other matters, Wapato's claim that the Lease is ambiguous as to whether the Bureau of Indian Affairs (BIA) was the Lessor under the Lease. Having considered Wapato's other assignments of error here, we affirm.

The district court did not abuse its discretion when it denied Wapato's motion for reconsideration of the court's summary judgment rulings. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). Wapato did not present "newly discovered evidence," but instead merely raised a new argument that the United States failed to locate and submit at summary judgment a copy of Exhibit A to the Lease. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988); *see also Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).

Wapato admits that it did not exhaust its administrative remedies before filing suit regarding the 99-year Replacement Lease. *Faras v. Hodel*, 845 F.2d

202, 203–04 (9th Cir. 1988). Wapato further failed to introduce objective evidence that the BIA harbors administrative bias toward it such that pursuit of an administrative remedy would be futile. *Anderson v. Babbitt*, 230 F.3d 1158, 1164 (9th Cir. 2000). The BIA articulated rational reasons for not approving the proposed 99-year Replacement Lease, such as the fact that a majority of the Landowners did not consent to the Replacement Lease, and that Wapato had not addressed the BIA's environmental impact concerns.

Wapato also failed to prove that the BIA owes it fiduciary duties. Wapato is a licensed Washington limited liability corporation, not a Native American or Native American tribe to whom the BIA owes a fiduciary duty. *United States v. Mitchell*, 463 U.S. 206, 226 (1983).

Finally, Wapato, as plaintiff, had ample opportunity to join any necessary parties. Wapato does not explain why the Landowners are now necessary parties, pursuant to Federal Rules of Civil Procedure 17 and 19, only after the district court ruled against it on summary judgment. The district court did not abuse its discretion when it denied Wapato's motion for reconsideration. *Nw. Acceptance*, 841 F.2d at 925–26.

**AFFIRMED**.

3