**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHUONG DOAN; JOSE HERNANDEZ, | No. 10-55621 |
| Plaintiffs - Appellants, | D.C. No. 3:04-cv-02039-DMS-RBB |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 8, 2011[**]
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and JONES, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

Ethel Gutierrez, Sandor Hejja, Karen Kraintz, Vien Mai, Shelby Mittner and Hoa Nguyen ("Appellants" or "class members") appeal the district court's denial of their motion for summary judgment and its grant of the Commissioner of Social Security's ("Commissioner") motions for summary judgment. In granting the Commissioner's motions for summary judgment, the district court found that Hejja, Kraintz, Mai, Mittner and Nguyen had not produced sufficient evidence to establish grounds for equitable tolling or waiver of the administrative exhaustion requirement under 42 U.S.C. § 405(g), and that the Administrative Law Judge (ALJ) at issue was not biased.

First, we affirm the district court's determination that Appellants Hejja, Kraintz, Mai, Mittner and Nguyen are not entitled to equitable tolling or waiver of the administrative exhaustion requirement under § 405(g) and that the district court lacked authority to decide their claims. Second, we reverse the summary judgment ruling addressing the merits of Appellants' bias claims and remand to the district

court with instructions to vacate Part IV.B of its March 19, 2010 order because

Gutierrez's claim is moot.[1]

## I. Authority for Judicial Review under 42 U.S.C. § 405(g)

Section 405(g) of the Social Security Act provides the exclusive means to obtain review of a decision to deny benefits. An applicant for benefits who feels that an ALJ was biased against her must first present any claim of bias to the agency itself, and must file an action with the federal district court within 60 days of the Commissioner's final decision. 42 U.S.C. § 405(g); *see also Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1993) (per curiam). Neither procedural bar is jurisdictional, but if neither requirement is met and the applicant fails to demonstrate that both a waiver of the exhaustion requirement and equitable tolling of the statute of limitations are warranted, then the court is barred from hearing her claims. *See Johnson v. Shalala,* 2 F.3d 918, 921-24 (9th Cir. 1993).

## II. Equitable Tolling and Waiver of Administrative Exhaustion Requirement

All class members but one failed to file their appeals to the district court

---

[1] For the first time on appeal, Appellants assert that District Judge Dana Sabraw should have recused himself *sua sponte* from hearing their case because of his alleged bias. "Absent exceptional circumstances, [the Ninth Circuit] will not consider arguments raised for the first time on appeal." *Alohacare v. Hawaii Dep't Human Servs.*, 572 F.3d 740, 744 (9th Cir. 2009). No such circumstances exist here. Appellants have therefore waived any challenge regarding Judge Sabraw's alleged bias.

3

within 60 days of the Commissioner's final decision in their cases, and no class member complained to the agency of ALJ bias before bringing the claim to the district court. The district court found that these Appellants had not presented sufficient evidence to warrant either equitable tolling of § 405(g)'s 60-day statute of limitations or a waiver of § 405(g)'s administrative exhaustion requirement. The district court therefore was barred from hearing those claims.

Appellants' opening brief does not dispute in a specific, distinct or coherent manner the district court's conclusion that the vast majority of their claims are time-barred and precluded because of their failure to exhaust administrative remedies. This court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir. 1986). Furthermore, arguments "not coherently developed" in appellate briefs are waived on appeal. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997). With the exception of Gutierrez, Appellants have therefore waived on appeal the issue of whether they are entitled to equitable tolling or a waiver of administrative exhaustion requirements to pursue their bias claims, and we are barred from hearing their claims on the merits.

**III. Ethel Gutierrez's Claim Is Moot**

4

The one class member whose claim was not time-barred was Ethel Gutierrez. The district court proceeded to examine the merits of Appellants' bias claims on that basis. Gutierrez's claim was, however, moot, thus depriving the district court of jurisdiction over the merits of this case.

"To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks and citation omitted). If the "actual controversy" ceases to exist at any point in the litigation, the case is moot and a federal court no longer has jurisdiction over it. Because Gutierrez was awarded disability benefits in 2006, dating back to the disability onset date that she had claimed in her original application for benefits, her instant claim for benefits is moot. What Gutierrez seeks here has already been granted. We lack jurisdiction over her claim and, therefore, over the merits of this case.

## IV. Conclusion

Because every Appellant but one was barred on procedural grounds from pursuing their claims in federal court, and the one remaining Appellant's claim was moot, the district court lacked authority and jurisdiction to reach the merits of Appellants' bias claims.

5

Therefore, (1) the summary judgment granted to the Commissioner as to the claims of Hejja, Kraintz, Mai, Mittner and Nguyen is **AFFIRMED;** (2) the summary judgment granted to the Commissioner as to Gutierrez's claim is **REVERSED** and the cause is **REMANDED** to the district court with instructions to vacate Part IV.B of its March 19, 2010 order because Gutierrez's claim is moot.